IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                                             No. 11-10146-JTM

JIMMY A. BARNES,
    Defendant.

MEMORANDUM AND ORDER

Defendant Jimmy Barnes was convicted of two firearms charges in 2011, and sentenced to 180 months imprisonment. The matter is before the court on Barnes's motion to vacate his sentence under 28 U.S.C. § 2255. (Dkt. 54). Barnes generally argues that the terms "possession" and "drug trafficking offense" as used in 18 U.S.C. § 922(g)(1) and 924 (c) are unconstitutionally vague, and that the court should have applied a different construction of "constructive possession." For the reasons provided herein, the court finds that it lacks jurisdiction to address defendant's claims, and the motion is accordingly dismissed.

On November 21, 2011, defendant Jimmy Barnes entered into a Plea Agreement under which he pled guilty to two counts contained in the Indictment— possession of a short-barreled shotgun, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(i)), and possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2). (Dkt. 36). Barnes expressly agreed to "knowingly committing the offenses, and to being guilty of the offenses." (*Id.* ¶ 1). The Agreement specifically identifies the modified shotgun by model, and acknowledges Barnes' prior felony conviction. He further agreed that he possessed the shotgun to aid in his drug trafficking in methamphetamine. The defendant's plea was free, voluntary, and made with a full understanding of all matters related thereto. (Dkt. 35, ¶ 23). The Presentence Investigation Report (Dkt. 44, at 26-27) accurately calculated Barnes's term of imprisonment.

Pursuant to 28 U.S.C. § 2255(f)(1), the defendant was obliged to bring any claim for collateral relief within one year of when the February 2, 2012 judgment became final. A judgment is final when "the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Under Fed.R.Crim.P. 4(b)(1)(A), the judgment in the present action became final 14 days after it was entered, since the defendant filed no timely appeal. The defendant's motion filed over five years after the judgment became final is plainly untimely.[1]

---

[1] None of the alternative limitations provisions in Section 2255(f) is applicable. No unconstitutional government action thwarted a timely motion, the Supreme Court has not adopted any new rule of constitutional law made retroactive to cases on collateral review, and no new, previously-unavailable facts have been discovered. The defendant presents a purely legal argument of statutory construction, an argument which under Section 2255 became untimely after 2013.

2

Additionally, the defendant's current collateral claims are barred by the provisions of the Plea Agreement, in which he knowingly and voluntarily waived any such collateral attack. The court's review of both the Plea Agreement and the Petition to Enter a Plea of Guilty (Dkt. 35, 36) establish that the defendant knowingly and voluntarily waived his rights to both direct appeal and any collateral challenge. (Dkt. 36). None of the potential exceptions to enforcement of that waiver is applicable here, as the court sentenced Barnes to charges explicitly advanced in the Indictment, the present motion falls within the scope of the defendant's knowing and voluntary waiver, and no miscarriage of justice arises from enforcement of the agreement. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). The sentence imposed was reasonable under the circumstances of the case, and within the range that defendant recognized in the Agreement as potentially applicable.

Accordingly, the court finds that the defendant's Motion should be dismissed, and that no certificate of appealability should issue under 28 U.S.C. § 2253(c)(1)(B). Barnes has failed make any substantial showing of the denial of a constitutional right, or that reasonable jurists would differ as to the legality of the firearms statutes. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The knowing and voluntary nature of the defendant's Plea Agreement and its waiver of collateral relief, as well as the untimeliness of the present motion, conclusively establish that the defendant-petitioner is not entitled to the relief sought.

Finally, the court grants defendant's Motion for Leave to Proceed In Forma Pauperis (Dkt. 56). His request (Dkt. 55) for leave to supplement his original Motion to

3

Vacate is denied as moot, as defendant has already submitted his Supplement (Dkt. 58), and the court has taken that submission into account in the present Order.

IT IS ACCORDINGLY ORDERED this day of July, 2019, that the defendant's Motion to Vacate (Dkt. 54) is dismissed, his Motion to Supplement (Dkt. 55) is denied as moot, and his Motion for Leave to Proceed In Forma Pauperis (Dkt. 56) is granted.

s/ J. Thomas Marten
J. Thomas Marten, Judge