IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                No. 11-10146-01-JTM

JIMMY BARNES,
    Defendant.

MEMORANDUM AND ORDER

Defendant Jimmy Barnes has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on his physical and mental condition and the risk presented by the COVID-19 virus. The statute provides that the court may reduce a criminal sentence if there are extraordinary and compelling reasons which warrant such a reduction, and if the reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). Barnes was convicted in 2012 of one count of being a felon in possession of a firearm, and one count of possession of a short-barreled shotgun, and was sentenced 180 months imprisonment. (Dkt. 46).

In his motion, Barnes states that he is a smoker, has been diagnosed with paranoid schizophrenia with general anxiety, and has had both hepatitis B and C. Barnes also alleges he has "a family history of COPD [and] high blood pressure." There is some evidence in the record that Barnes has been treated for hypertension. Difficulty in breathing is a COVID-19 risk factor, but Barnes does not demonstrate that he currently suffers from COPD conditions. And while Barnes does allege that he has been

a long-term smoker, he again has not shown that he currently suffers from any adverse health effects from that smoking which would render him particularly at risk from the COVID-19 virus. Barnes's documented medical issues also include mental health issues. However, as this court has noted recently, such mental impairments are not recognized COVID-19 risk factors. *See United States v. O'Neal*, No. 17-10004-01-JTM (D. Kan. Octo. 6, 2020). The court assumes for purposes of the present motion that defendant's hypertension might qualify him for potential release.

However, even if a defendant has shown extraordinary and compelling circumstances otherwise qualifying him for a compassionate release under § 3582, such relief may be granted only where the resulting sentence is not inconsistent with the sentencing factors set out in § 3553(a). This court has agreed with other courts holding that a sentence should not be reduced for concerns relating to the pandemic, if the result will (1) substantially reduce the sentence imposed, and (2) "the underlying offenses involve actual violence, or the inherent violence associated with felony firearms offenses." *See United States v. Pope*, No. 16-10039-JTM, Slip op. at 2 (D. Kan. Sept. 24, 2020, *See also United States v. Antoine Beas*ley, 2020 WL 5077383, *1-2 (D. Kan. Aug. 27, 2020); *United States v. Gerald Beasley*, No. 13-10112-01, Dkt. 765 (D. Kan. Sept. 23, 2020) (citing cases).

Here, the defendant was convicted of both possession of an illegal, short-barreled shotgun, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(i)), and possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2),

both felony firearms offenses. The Plea Agreement shows that that he possession was not inadvertent. Having previously been convicted of a felony, Barnes nonetheless possessed an illegally modified shotgun. He admitted to investigating officers that at the time of arrest he was trafficking in methamphetamine, and that he used the shotgun in furtherance of his drug trafficking. (Dkt. 36, at 2). Defendant has failed to show that a reduction of his sentence by over four years is consistent with public safety, and releasing defendant now would result in a sentence which would fail to reflect the seriousness of his offenses.

      IT IS ACCORDINGLY ORDERED this day of October, 2020, that the defendant's Motion for Compassionate Release (Dkt. 62) is hereby denied.

                                  <u>*J. Thomas Marten*</u>
                                  J. Thomas Marten, Judge